UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.03-14386-CIV-MIDDLEBROOKS/LYNCH

CYNTHIA JOHNSON, as legal guardian
of JAVARD FREEMAN, a minor,

    Plaintiff,

vs.

FFE TRANSPORTATION SERVICES, INC.,
a foreign corporation, CONWELL CORPORATION,
a foreign corporation, and TOMMY COLEMAN,

    Defendants.
_____/

### DEFENDANTS, FFE TRANSPORTATION SERVICES, INC., CONWELL CORPORATION AND TOMMY COLEMAN'S SECOND MOTION IN LIMINE AND/OR TO STRIKE PLAINTIFF'S EXPERT, DR. CRAIG LICHTBLAU

Defendants, FFE TRANSPORTATION SERVICES, INC., CONWELL CORPORATION and TOMMY COLMENA, by and through their undersigned counsel hereby files their Second Motion in Limine and/or to Strike Plaintiff's Expert, Dr. Craig Lichtblau and has grounds would state as follows:

1. Plaintiffs have listed Dr. Craig Lichtblau as an expert on physical medicine and rehabilitation. Plaintiff has alleged that as a result of the accident, Plaintiff, Javard Freeman suffered head trauma, brain injury and loss of periphal vision. As a result, Dr. Lichtblau has provided a comprehensive rehabilitation evaluation of the Plaintiff. (Please see attached Appendix A, Dr. Craig Lichtblau comprehensive rehabilitation evaluation).

2. As part of his report, Dr. Lichtblau has a section titled continuation of care which itemizes Plaintiff's future needs including but not limited to a life care attendant to

HINSHAW & CULBERTSON LLP
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, FL 33256 – (305) 358-7747 – Facsimile (305) 577-1063

provide support care, aid and/or attendant care. Dr. Lichtblau has opined that the Plaintiff will need this for the remainder of his life, for an average of 8-16 hours per day. That is $16.50 an hour.

3. Dr. Lichtblau was asked the following question regarding his opinion on Plaintiff's need for a support care, aid and/or attendant care. (Please see attached as Appendix B. Dr. Craig Lichtblau's deposition testimony dated December 9, 2004).

Q. Now, let's talk about support care, support care, aid and attendant care.

A. My opinion, lowest level, home health aid, somebody to make sure he doesn't do what he's not suppose to be doing.

Q. Could that be like a guardian?

A. Well, no. I want to use an agency. The reason I like to use agency in case somebody doesn't show up, they have a replacement.

I mean, a guardian to me, if you can guarantee me that person will always show up, there will never be a problem, I don't think you need to use an agency. But in reality we use agency in my practice of medicine, and my last 20 years of experience, I can tell you that agencies is the best way to go because if something happens, they have a replacement.

But in this case, I'm trying to save money. I'm going with the lowest level of person, which is a home health aid, it's not a LPN or RN.

To tell you the truth, a different life care planner could make a justification because he's had a traumatic brain injury, he's at risk for seizure. He should have an LPN level of care because there is the change somebody would have to pass medication or somebody would, you know, be in an emergency situation.

**HINSHAW & CULBERTSON LLP**
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, FL 33256 – (305) 358-7747 – Facsimile (305) 577-1063

I think he's stable enough he can get away with a home health aid, and that safes millions of dollars. I'm going with the lowest level of care, and I'm saying eight to 16 hours a day, that's my opinion.

It just so happens Dr. O'Keefe, Dr. Villalba and Dr. Aldana all agree with me on that.

Q. Let me ask you what is home health care?

A. Home health aide.

Q. Aide.

A. It's a person that will be a custodian to this patient to make sure that he's not getting in trouble and doing things he's not supposed to be doing.

Q. Just someone to sit around and make sure he doesn't do what?

A. He doesn't –

Q. You say not get in trouble, if he's watching TV, she's supposed to sit next to him?

A. That's right.

Q. If he goes to ride a bike or play stickball in the front lawn, she's supposed to sit out there with him?

A. Watching him, yeah. He lacks judgment and insight. He could be playing stickball in the front yard, a pretty girl walks by, he might grab her and do things he has no business doing. He's going to get in trouble.

What about kids his own age and they're smoking dope, doing lines of cocaine, doing things they've got no business. Kids have a full brain and good judgment, insight get in trouble. Okay. He doesn't have good interpersonal skills.

He's at great risk for being in the criminal population, and what we want to stop is, we don't want him incarcerated because he did something inappropriate.

Q. Right.

A. This kid is at risk for that.

Q. Right. Okay. Just so I understand this, this home health aid, his or her job is going to be solely to monitor Javard, keeping him out of trouble?

A. Yeah, and helping him with activities of daily living and helping him in life preparation.

Q. He doesn't need help to be bathed?

A. No.

Q. He can eat by himself?

A. What if he decides he's going to walk out with his pants pulled right down and exposing himself.

Q. That's what I mean, his or her sole position is to make sure Javard doesn't do the wrong thing?

MS. FISHER: Objection, oversimplification.

THE WITNESS: Not to do the inappropriate thing. Also not to get in trouble. In other words, his body – if I just expose myself out in public –

BY MR. PENA:

Q. That's what I mean. There are any things that he could do that are wrong?

A. Right.

Q. What I want to make sure is, this home health aid, his or her job is going to make sure he doesn't do the wrong thing?

4

**HINSHAW & CULBERTSON LLP**
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, FL 33256 – (305) 358-7747 – Facsimile (305) 577-1063

A.   Right.

Q.   What I want to make sure is, this home health aid, his or her job is going to make sure he doesn't do the wrong thing?

A.   Right. And that involves getting in fights, being inappropriate in a public restaurant, being impulsive in the checkout line, punching somebody, grabbing a girl.

Q.   And he needs that eight to 16 hours a day?

A.   Technically 24 hours a day. He's 15 years old and he's a minor, which means he's supposed to have a parent right now. He needs –

Q.   A home health aided while he's sleeping?

A.   Not if he's living with his mother. Because, you know, the mother still has a responsibility up until age 18 I think in this state, 18 not 21. So he needs it while mom is not around.

If mom – let's say this kid turns 18 and leaves the house, he needs it 24 hours a day. He can't be left alone. He may wake up at 3:00 a.m., and just decide he's going to go down to the 7/11, he doesn't have change in his pocket and he takes some things off the rack and he just grabs them and decides to them, he decides he's going to do that, he really needs 24 hour care.

This is a mistake in the plan, it should say to 18, eight to 16 hours a day while under parental supervision. Once this kid is off supervision, 24 hours a day.

## MEMORANDUM OF LAW

4.   Pursuant to Federal Rules of Evidence § 702:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness

5

HINSHAW & CULBERTSON LLP
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, FL 33256 – (305) 358-7747 – Facsimile (305) 577-1063

qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise; if (1) the testimony is based upon sufficient facts or data; (2) the testimony is a product of reliable principles and methods and (3) the witness has supplied the principles and methods reliably to the facts of the case.

5.  Dr. Lichtblau has testified in summary, that the plaintiff will need attendant care to prevent him from "getting in trouble" due to his behavior concerns.

6.  Dr. Lichtblau opining that Plaintiff needs home health care because of behavior issues is not an expert opinion based on technical and/or scientific evidence. Dr. Lichtblau will not be testifying regarding any alleged brain damage that the Plaintiff has suffered. Any issues regarding head trauma and/or alleged brain damaged will be testified to by the numerous neurologists that the Plaintiff has listed as expert witnesses and treating physicians in this matter.

7.  The inquiry envisioned by Rule § 702 is, we emphasize, a flexible one. It's over-arching subject is the scientific validity and thus the evidentiary relevance and reliability of the principles that underlie a proposed submission. The focus, of course, must be solely on principles and methodology, not on the conclusion that they generate. <u>Daubert v. Merrell Dow Pharmaceuticals Inc.,</u> 509 U.S. 579 (1993).

8.  Dr. Lichtblau is attempting to render an opinion of the Plaintiff's necessity for a life care plan or life care attendant, opining that the Plaintiff will need assistance in order to stay out of trouble.

9.  Dr. Lichtblau's opinion on this issue is not based on any scientific evidence and the methodology lacks valid expert reasoning required pursuant to Federal Rules of Evidence § 702.

**HINSHAW & CULBERTSON LLP**
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, FL 33256 – (305) 358-7747 – Facsimile (305) 577-1063

CASE NO. 03-14386-CIV-MIDDLEBROOKS/LYNCH

WHEREFORE, the foregoing reasons, Defendants, FFE TRANSPORTATION SERVICES, INC., a foreign corporation, CONWELL CORPORATION, a foreign corporation, and TOMMY COLEMAN respectfully requests this honorable court enter an Order limiting and/or striking Dr. Lichblau's testimony as an expert in this matter.

Dated on December 9, 2005

_____
Robert K. Tucker, Esq.
Florida Bar No. 116410
rtucker@hinshawlaw.com
Ronald Pena, Esq.
Florida Bar No. 0135135
rpena@hinshawlaw.com
HINSHAW & CULBERTSON LLP
Suite 1600
9155 South Dadeland Boulevard
P. O. Box 569009
Miami, FL 33256-9009
TEL: 305-358-7747 / FAX: 305-577-1063
Attorneys for Defendants, FFE
TRANSPORTATION SERVICES, INC.,
CONWELL CORPORATION and
TOMMY COLEMAN

CASE NO. 03-14386-CIV-MIDDLEBROOKS/LYNCH

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was mailed on December 9, 2005 to:

Janice Vessell Fisher, Esq.
The Law Offices of Fisher & Associates, P.A.
900 Delaware Avenue
Fort Pierce, FL 34950
Counsel for Plaintiff

Ronald L. Cason, Esq.
The Law Offices of Ronald L. Cason
501 South Tenth Street
Fort Pierce, FL 34950
Co-Counsel for Plaintiff

Alan Goldfarb, Esq.
Goldfarb & Gold
100 Southeast 2nd Street
Suite 3900
Miami, Florida 33131
Co-Counsel for Plaintiff

RONALD PENA

HINSHAW & CULBERTSON LLP
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, FL 33256 – (305) 358-7747 – Facsimile (305) 577-1063
14357224v1 835789